## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DARLA MARIE CLARK,                          :
    Plaintiff,                          :
                         :

    v.                          :          Case No.   3:17cv964 (WWE)
                         :

BERRYHILL, Acting Commissioner of           :
Social Security,                            :
    Defendant.                          :

## MEMORANDUM OF DECISION ON THE MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND MOTION FOR AN ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Darla Marie Clark challenges the denial of her application for Social Security disability benefits and requests reversal of the Commissioner's decision pursuant to sentence four or six of 42 U.S.C § 405(g).   Defendant has filed a motion to affirm the Commissioner's Decision.   For the following reasons, the Court will grant plaintiff's motion to reverse the decision of the Commissioner, and deny defendant's motion for an order affirming the Commissioner's decision.

## BACKGROUND

The parties have not submitted a stipulated statement of facts.   However, defendant has provided a statement of facts, and plaintiff has had the opportunity to respond thereto.   The Court will incorporate facts as reflected by record into this ruling.

Plaintiff was born in 1960.   She filed an application for disability insurance benefits on October 7, 2013, alleging disability commencing September 19, 2013.   Her application was denied, and then upon reconsideration, it was again denied.   Plaintiff requested a hearing with an Administrative Law Judge ("ALJ").   After the hearing, the

ALJ issued a decision, finding that plaintiff was not disabled within the meaning of the Social Security Act. Specifically, the ALJ found that plaintiff had a severe impairment of degenerative disc disease, but that the impairment did not meet or medically equal one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1. The ALJ determined that plaintiff retained the Residual Functional Capacity ("RFC") to perform light work consistent with 20 C.F.R. § 404.1567(b) with certain restrictions. With the assistance of a vocational expert, the ALJ found that plaintiff could perform her past relevant work of Cashier or Checker, Procurement Clerk, or Injection Mold Machine Tender.

Plaintiff requested Appeals Council review. On May 26, 2017, the Appeals Council denied plaintiff's request for review.

The ALJ's Decision

The ALJ's decision stated: "There is objective evidence in the medical record of impairments that are non-severe in that such impairments establish only a slight abnomality or combination of thereof that would have no more than a minimal effect on the claimant's ability to meet the basic demands of work activity." The ALJ concluded that "the light residual functional capacity with the additionally noted limitations adequately accounts for the claimant's degenerative disc disease."

In reaching the determination that plaintiff is not disabled, the ALJ gave great weight to the opinions of non-examining State Agency medical consultants, the report by Dr. Gerald Becker, and plaintiff's treating physician Dr. Todd Tracy, who is a doctor of internal medicine. The ALJ afforded little weight to the opinion of Dr. Aaron Schachter, an orthopedist who had treated plaintiff and opined that she has a sedentary capacity.

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the medical record or her reported daily physical activity. The ALJ considered plaintiff's collection of unemployment benefits to be inconsistent with her assertion of being disabled, because she would have had to certify that she would look for employment in order to receive such benefits.

The ALJ explained that additional written evidence was submitted and admitted into the record, and the ALJ found that "duty to develop the record" had been satisfied. The ALJ indicated that the decision reflected consideration of plaintiff's treatment history, the objective clinical findings, plaintiff's subjective complaints, and all of the medical opinions and evidence of the record.

## DISCUSSION

In reviewing a final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568 F.2d 1383, 1387 (D.C. Cir. 1977). A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence"). "Substantial evidence" is less than a preponderance, but "more than a scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  Consol. Edison Co. v. NLRB, 305

U.S. 197, 229 (1938); see Yancey v. Apfel, 145 F.3d 106, 110 (2d Cir. 1998); Williams v.

Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

In determining whether the evidence is substantial, the court must "take into

account whatever in the record fairly detracts from its weight."  Universal Camera Corp.

v. NLRB, 340 U.S. 474, 488 (1951).  In so doing, the Court must "review the record as a

whole."  New York v. Sec'y of Health and Human Servs., 903 F.2d 122, 126 (2d Cir.

1990).

The ALJ need not "reconcile every conflicting shred of medical testimony."  Miles

v. Harris, 645 F.2d 122, 124 (2d Cir.1981).

The regulations promulgated by the Commissioner establish a five-step analysis

for evaluating disability claims.  Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); 20

C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner considers if the claimant is,

at present, working in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I). If not,

the Commissioner next considers if the claimant has a medically severe impairment. 20

C.F.R. § 416.920(a)(4)(ii).  If the severity requirement is met, the third inquiry is whether

the impairment is listed in Appendix 1 of the regulations or is equal to a listed

impairment. 20 C.F.R. § 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1.  If so, the disability

is granted.  If not, the fourth inquiry is to determine whether, despite the severe

impairment, the claimant's residual functional capacity allows him or her to perform any

past work. 20 C.F.R. § 416.920(a)(4)(iv).  If a claimant demonstrates that no past work

can be performed, it then becomes incumbent upon the Commissioner to come forward

with evidence that substantial gainful alternative employment exists which the claimant

has the residual functional capacity to perform. 20 C.F.R. § 416.920(a)(4)(v).   If the

Commissioner fails to come forward with such evidence, the claimant is entitled to

disability benefits.   Alston, 904 F.2d at 126.

When the reviewing court has "no apparent basis to conclude that a more

complete record might support the Commissioner's decision," it may remand for the sole

purpose of calculating benefits.   Butts v. Barnhart, 399 F.3d 277, 385–86 (2d Cir. 2004).

However, the reviewing court may remand the matter to allow the ALJ to further develop

the record, make more specific findings, or clarify his or her rationale.   See Grace v.

Astrue, 2013 WL 4010271, at *14 (S.D.N.Y.); see also Butts, 399 F.3d at 385–86.

Plaintiff challenges the denial on the grounds that the ALJ erred in the

assessment of opinions and medical evidence of plaintiff's treating physicians; erred by

affording minimal weight to the Connecticut Disability Determination decision; and erred

with regard to the vocational expert testimony.

Medical Opinions

Plaintiff faults the ALJ's attribution of greater weight to the consulting medical

opinions over the opinion dated January 12, 2016, from her orthopedist, Dr. Schachter,

who had treated her from January 2012 until September 2013; plaintiff also asserts as

error the ALJ's failure to include in the opinion a consideration of the treatment notes

from Dr. Anand, a pain specialist, who saw plaintiff from 2012 to 2013.

Pursuant to the treating source rule, the Commissioner is to give controlling

weight to a treating source's opinion if (1) it is well supported by clinical and laboratory

diagnostic techniques, and (2) the opinion is not inconsistent with other substantial

evidence in the case record.   Thompson v. Barnhart, 75 Fed. Appx. 842, *845 (2d Cir.

2003); 20 C.F.R. § 416.927(2); 20 C.F.R. § 404.1527(c).   Where the opinion is contradicted by other substantial evidence in the record, the ALJ is entitled to use discretion in weighing the medical evidence as a whole.   Veino v Barnhart, 312 F.3d 578, 587 (2d Cir. 2002).   In resolving the amount of weight to give a medical opinion, the ALJ should consider the examining relationship; the treatment relationship, the length of the treatment relationship, the nature and extent of the treatment relationship; the evidence supporting the medical opinion; consistency with the record; and specialization of the medical source.   See 20 C.F.R. §§ 404.1527 and 416.927.   The ALJ must provide a reason for any rejection of a treating source opinion. Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993).

The ALJ afforded probative weight to the statement by plaintiff's general treating physician, Dr. Tracy, that he was not aware of any reason to declare her disabled due to any of the problems for which he treated her.   The ALJ also noted Dr. Tracy's refusal to fill out the "functional assessment" form and his suggestion that she seek "counsel from her orthopedist about this."

The ALJ placed great weight upon the assessment of Dr. Becker, who had examined plaintiff once and had an orthopedic specialty.   Dr. Becker's report indicates that he had reviewed plaintiff's medical records from Drs. Schachter and Anand; and that he found that plaintiff could perform work, with lifting no more than 20-25 pounds and no bending to the floor.   The ALJ justified the attribution of great weight to this report on Dr. Becker's examining relationship and expertise in orthopedics.   The ALJ also found that Dr. Becker's opinion "was consistent with the treatment notes showing normal physical examinations, the opinion of the State agency, and claimant's reported activities."

6

In affording minimal rather than controlling weight to Dr. Schachter's opinion of plaintiff's less than sedentary capacity, the ALJ stated:

> The undersigned has considered but given minimal weight to Dr. Schachter's less than sedentary opinion….This opinion consisted of checked-off and circled responses, with no narrative or explanation pertaining to the clinical findings to support his opinion.   Indeed, his opinion is inconsistent with the clinical findings showing mild degenerative disc disease and the claimant's reported activities. Dr. Schachter's opinion is less persuasive as it contrasts sharply with the other opinion evidence.   As previously discussed, the opinions from examining physician Dr. Becker and also the opinions from the State agency medical consultants show the claimant's ability for at least, light work.

The ALJ's decision does not include a discussion of the medical records from Dr. Anand, who wrote that plaintiff had reported "ongoing lower back pain" and a "low quality of life" after examining her on May 13, 2013.

Upon review of the record, the Court finds that the ALJ's decision erred in its attribution of weight to the medical opinions and its consideration of plaintiff's treating physician, Dr. Schachter.

With the exception of Dr. Becker's report, the records of the examining medical sources--such as the notes from Dr. Anand, the opinion by Dr. Schachter, and the examination report by Dr. Joseph Guarnaccia and Patricia Garrett, P.R.N (to which the ALJ afforded minimal weight)—reflect that plaintiff consistently experienced pain and/or had substantial difficulty walking, siting and standing.

The ALJ complained that Dr. Schachter had rendered his opinion almost three years after his last medical examination of plaintiff and had provided his assessment by circling answers on a form without elaboration.   However, Dr. Schachter had a prior lengthy treatment history with plaintiff; Dr. Becker had only examined plaintiff once; the

other consulting doctors had not examined plaintiff; and Dr. Tracy indicated that he lacked expertise to render an opinion relevant to plaintiff's orthopedic disability.

Here, the records of plaintiff's treating medical providers (excluding Tracy) appear to conflict with that of Dr. Becker and the non-examining consultants. Accordingly, the ALJ lacked substantial evidence to ignore the presumption of deference accorded to treating physician opinions.

Further, the ALJ afforded Dr. Schachter's opinion diminished weight because it lacked narrative to accompany his clinical findings on the disability form. However, the ALJ failed to affirmatively develop the record to facilitate review of the validity of Dr. Schachter's opinion. Although ALJ noted an effort to satisfy the duty to develop the record, the ALJ had a duty to resolve the conflicting opinions between the orthopedic physicians; this duty required the ALJ to request more information from Dr. Schachter. See Mullings v. Colvin, 2014 WL 6632483, *14 n.15 (E.D.N.Y. 2014) (ALJ must articulate "good reasons" for the weight given to plaintiff's treating physicians; and the ALJ has affirmative duty to develop record to extent that ALJ lacks information necessary to determine weight or validity of medical evidence); see also Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (even if claimant is represented by counsel, AlJ is under an affirmative obligation to develop the record).

It was incumbent upon the ALJ to ensure that the disability determination was supported by substantial evidence, and therefore, to resolve the inconsistency between the opinions of plaintiff's treating orthopedic physician and other consulting medical providers. Without further articulation regarding Dr. Schachter's clinical findings, the ALJ could not assess the appropriate weight to afford to the evidence. Accordingly, the

Court will remand the case to the administrative agency to obtain a narrative regarding

Dr. Schachter's clinical findings, and to reassess the appropriate weight to afford the

medical opinions in light of the information provided by Dr. Schachter.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to reverse the decision

of the Commissioner [doc. 17], and the Court DENIES the Motion for an order affirming

the decision of the Commissioner [doc. 24].

The clerk is instructed to remand the matter due to lack of substantial evidence in

support of the ALJ's determination.   The ALJ is instructed agency to obtain a narrative

regarding Dr. Schachter's clinical findings, and to reassess the appropriate weight to

afford the medical opinions in light of this information.

The Clerk's Office is instructed to remand this matter to the Commissioner.   The

Clerk's Office is also instructed that, if any party appeals to this court the decision made

after this remand, any subsequent social security appeal is to be assigned to the District

Judge who issued the Ruling that remanded the case.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge

Dated this 14th day of May 2018 at Bridgeport, Connecticut.